**Norman CRITES and Jill Crites, Appellants,**

v.

**Richard PIETILA, M.D. and Oliver Loyd, M.D., Appellees.**

**No. 08–91–00222–CV.**

Court of Appeals of Texas, El Paso.

Jan. 8, 1992.

Opinion on Motion for Rehearing Feb. 26, 1992.

Dissenting Opinion to Motion for Rehearing by Justice Koehler Feb. 26, 1992.

Steve Hershberger, Odessa, for appellants.

Max E. Wright, Debra Neeley, Cotton, Bledsoe, Tighe & Dawson, Midland, Jack Q. Tidwell, McMahan, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of the physician defendants. We reverse and remand.

Jill Crites was involved in an automobile accident in May of 1988. She was approximately eight months' pregnant at the time.

She was treated at an Odessa hospital by the emergency physician, Dr. Oliver Loyd. Her ankle was placed in a splint, her head was x-rayed and her gashed knee was examined. While at the hospital, she told Nurse Cutright that the baby was not moving. Through a monitor, the baby's heartbeat was heard. Mrs. Crites had been under the pregnancy care of her obstetrician, Dr. Richard Pietila. Nurse Cutright contacted Dr. Pietila at home. Dr. Pietila directed the nurse to have Mrs. Crites drink a coke and determine movement. Movement was detected. Mrs. Crites was directed to call Dr. Pietila upon her release from the hospital that evening. In doing so, she was instructed by the doctor to come to his office the next day at 8 a.m.

Upon her arrival, she was given a sonogram which determined the baby was dead. She was then hospitalized, and the deceased baby was delivered under induced labor.

Plaintiffs filed suit for damages for their past and future mental anguish caused by the defendants' negligence, the "Bystander Doctrine" and the "Loss of Chance Doctrine."

The plaintiffs' expert, Dr. David Abramson, gave evidence that Dr. Loyd's conduct fell below medical standard of care by failing to determine fetal well-being by a fetal monitor and by failing to consult an obstet-

rical specialist. Dr. Pietila failed to obtain a fetal monitor strip and consider the deliverance of the baby. Dr. Abramson further stated that if both doctors had acted in accordance with the minimum standard of care, the baby would have been born by operation in the evening of Mrs. Crites' first hospital admission, and the child would have developed normally.

The common law claim for mental anguish suffered as a result of the loss of a fetus has been recognized. In *Witty v. American General Capital Distributors, Inc.*, 727 S.W.2d 503 (Tex.1987), the pregnant mother, while employed as a receptionist by the defendant, tripped over a utility outlet and fell with such force that her unborn baby was fatally injured. She sued to recover (1) damages for her child's prenatal injuries; (2) damages for her own loss of the baby's support and companionship; (3) damages for her own emotional trauma and mental anguish; and (4) property damages for the loss of the fetus. The trial court entered a take-nothing summary judgment. On appeal, the Court, in a split decision with all three justices writing, held that Mrs. Witty was not precluded as a matter of law from asserting her individual claims for damages at common law, based on her alleged emotional distress, and under the Wrongful Death Statute, based upon her alleged loss of society and companionship and for her alleged mental anguish. *Witty v. American General Capital Distributors, Inc.*, 697 S.W.2d 636 (Tex.App.—Houston [1st Dist.] 1985), *aff'd in part, rev'd in part and remanded*, 727 S.W.2d 503 (Tex.1987).

The Texas Supreme Court concluded Mrs. Witty had no claim under the Wrongful Death Statute, Tex.Rev.Civ.Stat.Ann. art. 4671 et seq. (Vernon Supp.1985) or the Survival Statute, Tex.Rev.Civ.Stat.Ann. art. 5525 (Vernon 1958), that her claim for common law mental anguish was barred under the Workers' Compensation Act and there was no claim for destruction of a chattel. *Witty*, 727 S.W.2d at 503. In its opinion, the Court said Mrs. Witty's "common law claim for mental anguish suffered as a result of the loss of her fetus is barred under the Worker's Compensation Act."

*Id.* at 506. To reach the result that the claim was barred, the Court had to first determine that there was a valid existing claim. Following that determination, we must also recognize that there is a valid existing claim but, in our case, the claim is not barred by the Workers' Compensation Act.

The defendants have failed to negate the plaintiffs' cause of action as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Judgment of the trial court is reversed and the case is remanded for a trial for both plaintiffs.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION ON MOTION FOR REHEARING

WOODARD, Justice.

Each of the Appellees has filed a Motion for Rehearing in which they assert we have misinterpreted the Court's opinion in *Witty v. American General Capital Distributors, Inc.*, 727 S.W.2d 503 (Tex.1987).

In the opinion by the Court of Appeals, *Witty v. American General Capital Distributors, Inc.*, 697 S.W.2d 636 (Tex.App.—Houston [1st Dist.] 1985), aff'd in part, rev'd in part and remanded, 727 S.W.2d 503 (Tex.1987), Chief Justice Evans and Justice Dunn held that the "trial court erred in deciding that Mrs. Witty was precluded, as a matter of law, from asserting her individual claims for damages at common law, based on her alleged emotional distress, . . . ." *Id.* at 641. Justice Cohen dissented on the basis that Mrs. Witty's cause of action for emotional distress resulting from the death of the fetus was barred by the Workers' Compensation Act.

The Texas Supreme Court agreed with Justice Cohen and said "Kimberly Witty's common law claim for mental anguish suffered as a result of the loss of her fetus is barred under the Worker's Compensation Act." *Witty*, 727 S.W.2d at 506. That Act applies only to injuries sustained by an *employee* in the course of their employment. That Act could have no application

with regard to injuries sustained by a third person or as in this case, a fetus. We believe the Court recognized a cause of action, but found it to be barred.

That opinion was relied upon in *Wheeler v. Yettie Kersting Memorial Hospital*, 761 S.W.2d 785 (Tex.App.—Houston [1st Dist.] 1988, writ denied) where the appellant found error in granting summary judgment as to a common law cause of action for direct emotional damages resulting from a child being stillborn. In its opinion, the Court certainly recognized that "there is no cause of action at common law for wrongful death and survival because both are creatures of statute." *Id.* at 786. However, the Court did recognize the mother's claim at common law for emotional damages and held "the cause is remanded to the trial court on the common law causes of action." *Id.* at 787.

The motions of each Appellee have been considered, and they are overruled.

KOEHLER, Justice, dissenting.

Although I was one of a unanimous panel on the original opinion, I must now respectfully dissent from the reasoning and result previously supported by me and continued by the majority in its Opinion on the Motion for Rehearing.

Our Supreme Court has previously and consistently held that the unambiguous language of the Texas Wrongful Death Act, Tex.Civ.Prac. & Rem.Code Ann. § 71.002 (Vernon 1986), precludes recovery for the death of a fetus. *Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503, 504 (Tex.1987); *Yandell v. Delgado,* 471 S.W.2d 569 (Tex.1971). The majority are now attempting to accomplish a result previously prohibited from a front door assault by coming through the back door, the latter being left somewhat ajar by some language in *Witty* and by the Houston First Court of Appeals in *Wheeler v. Yettie Kersting Memorial Hospital,* 761 S.W.2d 785 (Tex.App.—Houston [1st Dist.] 1988, writ denied).[1]

It is the opinion of the writer that both this Court and the Houston Court misinterpreted what Justice Robertson meant when he stated that Mrs. Witty's common law claim for mental anguish experienced as a result of the loss of her fetus was barred under the Workers' Compensation Act. He added that "[t]he mental anguish suffered by Mrs. Witty is a *part of the injury suffered as a result of the accident. Such injury is covered by the provisions of the Worker's Compensation Act.*" [Emphasis added]. *Witty*, 727 S.W.2d at 506. We doubt that anyone would argue that loss of a fetus or injury to a fetus while the expectant mother is working in the course and scope of her employment is, in the absence of a compensible injury, covered by the Workers' Compensation Act. Such loss or injury would be covered only to the extent the expectant mother required medical attention and/or her ability to remain on the job was affected. To the undersigned, the Court meant exactly what Justice Robertson said, that the mental anguish experienced by Mrs. Witty was a part of the injury caused by her trip and fall and thus barred by her compensation claim.

As even the Appellants have admitted, one of the essential elements of a medical malpractice suit is that the failure of the doctor to conform to required standards of conduct must result in *actual injury to the complaining party. Cloys v. Turbin,* 608 S.W.2d 697, 700 (Tex.Civ.App.—Dallas 1980, no writ). "Actual injury" means physical injury. In the case under consideration, the primary, nay the *only,* cause of Mrs. Crites' injuries was the automobile accident which preceded the alleged negligent omissions of the two doctors. If the law requires that a person must have suffered some physical injury before he or she

---

1. In *Wheeler,* the successful movant for summary judgment did not address in its Motion for Summary Judgment the causes of action for mental anguish and emotional damages alleged by the plaintiffs in their second and third amended petitions, both of which were filed subsequent to the filing of the Motion for Summary Judgment. The Court held that what purported to be a "final judgment" was in fact an interlocutory judgment and ordered a remand for consideration of the unaddressed "common law causes of action." *Id.* at 787.

can claim damages for mental anguish, *Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777, 779 (Tex.1980), Mr. and Mrs. Crites must fail for the simple reason that they do not claim that they suffered physical injury as a result of the alleged omissions. Their claim for mental anguish damages is based entirely on their allegations of negligent omissions by the two doctors which caused the death of the "Crites child." They do not allege that the doctors' omissions caused physical injury to either of them.[2] This is a plain, not a thinly disguised, claim for mental anguish damages in what amounts to an action for wrongful death. As the Supreme Court has pointed out on a number of occasions, "no cause of action may be maintained for the death of a fetus under the wrongful death statute until the right to bring such action is afforded by the legislature." *Witty,* 727 S.W.2d at 506; *Blackman v. Langford,* 795 S.W.2d 742 (Tex.1990); *Tarrant County Hospital District v. Lobdell,* 726 S.W.2d 23 (Tex.1987).

Based on the pleadings, the summary judgment evidence and the law, I would affirm the take-nothing judgment of the trial court.

---

**2.** Paragraph V, of Plaintiffs' Original Petition, is as follows:

Each Defendant violated the duty owed to Jill Crites and Norman Crites to exercise the ordinary care and diligence exercised by other physicians in the same or similar circumstances, and each Defendant was negligent in the following particulars:

(a) In failing to use reasonable skill, care, and diligence to correctly diagnose the injury and trauma to the Crites' child;

(b) In failing to treat the injury to the Crites' child;

(c) In failing to diagnose the condition of the child without making proper tests;

(d) In failing to follow generally accepted standards in the community for the treatment of a fetus who has received injury from an accident;

Each and every one of the foregoing acts and omissions, taken separately and collectively, constitute a direct and proximate cause of the death of the Plaintiffs' child. Each and every of the foregoing acts and omissions, taken separately and collectively, constitute a direct and proximate cause of injury to the Plaintiffs in the form of past and future mental anguish.