**Robert O. JACKSON, Appellant,**

v.

**COLDSPRING TERRACE PROPERTY OWNERS ASSOCIATION, et al., Appellees.**

No. 08–91–00266–CV.

Court of Appeals of Texas, El Paso.

Sept. 16, 1992.

Richard L. Lagarde, David W. Holman, Fisher, Gallagher, Perrin & Lewis, Houston, for appellant.

Bill Luyties, Lorance & Thompson, Don Karotkin, Funderburk & Funderburk, Houston, for appellees.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

In a personal injury suit for damages arising out of a swimming pool accident, Appellant (Plaintiff in the court below) sued a number of parties, including Appellees herein, alleging various causes of action. Appellees filed their motion for summary judgment. Appellant then filed an amended petition alleging a new cause of action for negligently failing to police a trademark. The trial court granted the motion for summary judgment with reference to specific pleadings it had considered but omitted reference to any pleadings that related to the new cause of action. Because we conclude that the summary judgment is partial and therefore interlocutory, we dismiss for want of jurisdiction.

In his original petition, Appellant, Robert O. Jackson (Jackson), filed a damage suit against numerous defendants alleging causes of action based on the strict liability theories of negligent design, manufacture and marketing and breach of implied warranties. Jackson alleged that he dove into a Blue Haven pool with insufficient depth markings, was severely injured and was rendered a quadriplegic.

Two of the defendants, KDI Corporation and KDI Aquasystems, Inc. (collectively KDI), Appellees herein, answered with a general denial and several affirmative defenses. They then filed their motion for summary judgment. Subsequently, KDI filed an amended answer on September 6, 1990 in which they pled the additional defense that Jackson's claims were barred by the statute of repose. Jackson filed a response to the motion for summary judgment on September 28, 1990 and KDI filed a reply to the response on December 7, 1990. Thereafter, Jackson filed an answer to the reply on December 28, 1990 in which he referred to a new cause of action for negligent failure of KDI to police its trademark, a cause of action repled in a second amended petition filed December 31, 1990.[1] On January 15, 1991, KDI filed a "final supplement" to their motion for summary judgment which addressed for the first time Jackson's failure to police a trademark cause of action.[2]

The summary judgment hearing was held on January 16 and an order granting KDI's motion was signed that same day, the order reciting that the court "having considered the Motion and the Response, the Reply to the Response, and Plaintiffs [sic] answer to the Reply and the evidence

---

1. The cause of action, "failure to police its trademark," was first pled by Jackson in his first amended petition filed on December 28, 1990.

2. On January 22, 1991 (six days after the date of the summary judgment hearing and order granting the summary judgment), Jackson filed another pleading, "Plaintiff's Response to Defendants' Final Supplement to Motion for Summary Judgment."

contained therein is of the opinion that said Motion should be granted in part." The order then granted the summary judgment as to the two KDI entities involved in this appeal but denied it as to three other parties. Jackson's suits against the latter three parties were disposed of by nonsuit and default. Jackson perfected this appeal asserting in a single point of error that the trial court erred by granting a summary judgment in favor of KDI.

■ Before addressing Jackson's specific challenges to the summary judgment, we must first determine whether the appeal is from a final judgment. An appeal only lies from a final judgment and for a summary judgment to be final, it must dispose of all issues and parties. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984). A summary judgment that does not dispose of all parties and issues in the suit is interlocutory and thus is not appealable. *Id.; Gulf Coast Investment Corporation v. Brown*, 813 S.W.2d 218, 221 (Tex.App.—Houston [14th Dist.] 1991), *rev'd in part on other grounds*, 821 S.W.2d 159 (Tex. 1992).

■ In their motion for summary judgment, KDI addressed only the strict liability cause of action asserting that it had nothing to do with the design or construction of the pool involved in Jackson's accident. After KDI added the affirmative defense of limitations by their amended answer, they addressed that defense in their reply to Jackson's response to the motion for summary judgment. Jackson's first and second amended petitions alleging "the failure to police its trademark" cause of action were timely filed and properly before the court to be considered during the summary judgment hearing since even the second amended petition was filed more than seven days prior to the hearing. *Wheeler v. Yettie Kersting Memorial Hospital*, 761 S.W.2d 785, 787 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Jones v. Houston Materials Company*, 477 S.W.2d 694, 695 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); Tex.R.Civ.P. 63 and 166a.

The trial court's summary judgment order states that it considered only the motion, plaintiff's response, defendants' reply and plaintiff's answer to the reply. No mention is made in the order of the "final supplement" which is the only pleading where the movants (KDI) address the trademark cause of action. Thus, not having considered the final supplement, we conclude that the trial court did not, by its order, dispose of the trademark cause of action.

A similar situation was presented in *Wheeler*, 761 S.W.2d at 787. In that case, after the motion for summary judgment was filed but before the hearing on the motion, the non-movants amended their petition in which they asserted new causes of action. As in this case, the non-movants brought the new causes of action to the attention of the trial court in their response to the motion. The Court of Appeals held that the trial court erred by entering a final summary judgment rather than an interlocutory or partial summary judgment.

■ Although neither party to this appeal raised or briefed the question of whether the summary judgment was final or interlocutory, the question was addressed in oral argument before this Court. Having reached the conclusion that the judgment is interlocutory, we cannot properly consider Jackson's complaints under his point of error. Although *Teer*, 664 S.W.2d at 705 and *Wheeler*, 761 S.W.2d at 787, seemingly suggest that a case in this posture may be remanded for appropriate disposition of the trademark cause of action, those cases can be distinguished because the judgments therein purported to dispose of all issues and all parties. The proper disposition of an appeal from an interlocutory judgment is to dismiss for lack of jurisdiction. *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 496 (Tex.App.—Houston [14th Dist.] 1990, no writ). Accordingly, the appeal is dismissed.