Richard PIETILA, M.D. and Oliver Loyd, M.D., Petitioners,

v.

Norman CRITES and Jill Crites, Respondents.

No. D–2282.

Supreme Court of Texas.

Feb. 24, 1993.

---

Max E. Wright, Julia E. Vaughan, Debra Neeley, Midland, Jack Q. Tidwell, Denis Dennis, Odessa, for petitioners.

Steve Hershberger, Jr., Odessa, for respondents.

## PER CURIAM.

█ This is a medical malpractice case for emotional harm from the loss of a fetus. After the plaintiffs declined to amend their petition, the trial court granted summary judgment for the defendant physicians. The court of appeals, with one justice dissenting, reversed and remanded, holding there was a common law cause of action for mental anguish resulting from the loss of a fetus. 826 S.W.2d 175. We hold that mental anguish damages for the parents are not recoverable when the only asserted cause of action is negligence toward the fetus. We therefore reverse the judgment of the court of appeals and affirm the trial court judgment.

Jill Crites was involved in an automobile accident when she was eight months pregnant. She was treated in the hospital emergency room by Dr. Oliver Loyd. Crites told the attending nurse that her unborn baby was not moving. Emergency room staff then attached a fetal monitor and detected a fetal heartbeat. The nurse nevertheless called Crites' obstetrician, Dr. Richard Pietila, at his home. He directed the nurse to have Crites drink a Coke and determine fetal movement. Crites did so and subsequently detected fetal movement. The hospital then released Crites, but gave her instructions from Dr. Pietila to visit his office at 8:00 a.m. the following morning.

When Crites visited Dr. Pietila's office the next morning, she was given a sonogram from which the doctor determined that she had lost her unborn baby. Subsequently she was hospitalized and underwent induced labor to deliver the baby stillborn.

█ Jill Crites and her husband, Norman, sued for their mental anguish caused by the doctors' alleged negligence. The Criteses' pleading alleged negligent treatment *of the "Crites' child"* (the unborn fetus) and physical injury to and death of the fetus as the cause of their mental anguish.[1] Dr. Loyd filed special exceptions attacking the pleadings. Both doctors filed motions for summary judgment, on which the court did not rule until after the Criteses were given an opportunity to amend their pleadings.[2] Dr. Loyd, joined by Dr. Pietila, asserted that while the Criteses might bring a common-law claim to recover their mental anguish, they are limited to claims arising out of the treatment or injury of Jill Crites; but they are precluded from bringing suit for their mental anguish arising out of the treatment or injury of their unborn child. Because the Criteses did not claim that either physician improperly treated any of Jill's injuries, their claim fails as a matter of law.

---

1. The dissenting opinion in the court of appeals accurately quotes the operative pleading. *See* 826 S.W.2d at 178 n. 2.

2. Before the court may grant a "no cause of action" summary judgment, it must give the parties adequate opportunity to plead a viable cause of action. *See Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). Here, after opportunity to amend, the Criteses failed to allege there was negligent treatment of *Jill Crites* causing physical injury or mental anguish damages to her.

The trial court sustained this contention. The court of appeals reversed and remanded on the basis of an implied cause of action. In *Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503 (Tex. 1987), this court held that Witty had no claim under the Wrongful Death or Survival Statutes, that her claim for mental anguish under the common law was barred under the Workers' Compensation Act, and that she had no claim for destruction of chattel. The court of appeals here reasoned that by determining that *Witty's* "common law claim for mental anguish suffered as a result of the loss of her fetus is barred under the Workers' Compensation Act," this court necessarily recognized that there was a valid underlying claim. We disagree.

The court of appeals confuses mental anguish as an element of damages in a common-law negligence suit with the notion of mental anguish as a separate and independent claim. The Criteses did not bring an independent claim of emotional distress. They sued in negligence and claimed mental anguish as damages. Since the Criteses complain that their harm arose out of the doctors' negligent treatment of their unborn child, not of Jill, they are precluded from recovery as a matter of law because there is no wrongful death or survival cause of action for the death of a fetus. *Blackman v. Langford*, 795 S.W.2d 742, 743 (Tex.1990).

We grant the applications of Pietila and Loyd and, without hearing argument, a majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court. TEX.R.APP.P. 170.