TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00142-CV






Margie Rupp, Individually and on Behalf of Jacob Rupp, Appellants



v.



Charles E. L. Brown, M.D.; and Central Texas Perinatal Associates, P.A.
, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-05623-A, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







 Appellant Margie Rupp ("Rupp") brought suit against appellees, Charles Brown,
M.D. and Central Texas Perinatal Associates, P.A. (hereinafter "Brown and Associates"), for
alleged medical malpractice resulting in the loss of Rupp's fetus. The trial court granted Brown
and Associates's motion for summary judgment, and Rupp appeals. We will reverse the judgment
and remand the cause to the trial court.


BACKGROUND In 1996, Rupp was pregnant with her second child. Rupp is blood-type O
negative/D negative with Rh sensitization, and her husband is Rh genotype Cde/cDe. Due to their
blood types, any baby the couple conceives will be "Rh affected," meaning that the Rh-sensitized
mother produces antibodies that attack the Rh-affected fetus's red blood cells, causing the fetus
to suffer severe anemia. This condition is called "Rh disease" and, if left untreated, can result in
erythroblastosis fetalis or death of the fetus.

 During Rupp's first pregnancy in 1992, her obstetrician referred Rupp to a
perinatologist at Central Texas Perinatal Associates, where her Rh-complicated pregnancy was
successfully managed by giving the fetus intrauterine blood transfusions. During her second
pregnancy, Rupp was again referred to Central Texas Perinatal Associates, this time to Dr.
Charles Brown. On April 4, 1996, at twenty-six-weeks gestation, amniocentesis revealed a high
level of bilirubin, indicating that Rupp's fetus was in distress and that Rupp's antibodies had
escalated their attack on her fetus's red blood cells. Despite this information, Rupp failed to
receive intrauterine transfusions as she had during her first pregnancy. At approximately thirty-two to thirty-three-weeks gestation, Rupp moved to Dallas and transferred her care to Dr. Katrina
Walsh. At thirty-six-weeks gestation, Rupp stopped feeling fetal movement and proceeded to the
hospital where she was informed that the fetus was dead. Rupp waited two days for an available
hospital operating room to have the fetus delivered by cesarean section.

 Rupp filed suit against Brown and Associates, Katrina Walsh, M.D., and Katrina
Walsh, M.D., P.A., alleging that Brown and Associates and Walsh were negligent in their
treatment of her, and that such negligence proximately caused the death of Rupp's fetus and caused
Rupp damages, including mental anguish. Appellees filed a joint motion for summary judgment
arguing that there is no valid cause of action for the loss of a fetus absent physical injury to the
mother and, because there was no evidence of independent physical damages suffered by Rupp,
Brown and Associates were entitled to summary judgment. After the motion for summary
judgment was filed but before the summary judgment hearing, Rupp amended her petition,
specifically asserting causes of action under the wrongful death and survival statutes, and raising
constitutional challenges to both statutes. Rupp also filed a response to Brown and Associates's
motion, to which Brown and Associates filed a reply. The trial court conducted a hearing in
December 1999 and granted summary judgment in favor of Brown and Associates. An order of
severance was signed as to Walsh, allowing the summary judgment to become final, and this
appeal followed.

 Rupp bases her appeal on five points of error, arguing that the trial court erred in
granting summary judgment because (1) Brown and Associates failed to state specifically in their
motion the elements for which there is no evidence; (2) Rupp possesses a cause of action for the
injury to her fetus as part of her body; (3) Rupp's first amended petition raised wrongful death and
survival causes of action not addressed in Brown and Associates's motion for summary judgment;
(4) case law concluding that a fetus is not a "person" or an "individual" within the meaning of the
Texas wrongful death and survival statutes is erroneous; and (5) the failure to include a fetus
within the definition of a "person" or an "individual" under the Texas wrongful death and survival
statutes renders both statutes unconstitutional.


DISCUSSION Brown and Associates moved for summary judgment on the grounds that Rupp
alleged no cause of action and further, that if she alleged a cause of action, she failed to come forth
with any evidence of damages to sustain her negligence claim. Because the propriety of a
summary judgment is a question of law, we review the trial court's decision de novo. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Dep't of Ins. v. American Home
Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.). The standards for
review of a summary judgment are well-established: (1) the movant must show there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, the court must take evidence
favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in the nonmovant's favor. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Brown and Associates have the burden of
showing that Rupp could not succeed on any theory pleaded. See San Antonio Express News v.
Dracos, 922 S.W.2d 242, 247 (Tex. App.--San Antonio 1996, no writ).


Rupp's Allegations

 Brown and Associates have failed to establish that Rupp could not succeed on any
of her pleaded claims. An amended pleading supercedes and supplants all previous pleadings. 
Tex. R. Civ. P. 65; Johnson v. Coca-Cola Co., 727 S.W.2d 756, 758 (Tex. App.--Dallas 1987,
writ ref'd n.r.e.). In her amended petition, Rupp alleged a cause of action in negligence and
causes of action under the Texas wrongful death and survival statutes. We examine Rupp's
alleged causes of action separately, beginning with her wrongful death and survival causes of
action. 

 The Supreme Court of Texas has uniformly and consistently held that there is no
wrongful death or survival cause of action for the death of a fetus. Edinburg Hosp. Auth. v.
Trevino, 941 S.W.2d 76, 78 (Tex. 1997); Krishnan v. Sepulveda, 916 S.W.2d 478, 479 (Tex.
1995); Pietila v. Crites, 851 S.W.2d 185, 187 (Tex. 1993); Blackman v. Langford, 795 S.W.2d
742, 743 (Tex. 1990); Witty v. American Gen. Capital Distribs., Inc., 727 S.W.2d 503, 504 (Tex.
1987). Thus, when Rupp amended her petition to add these allegations, she failed to add any
cause of action upon which she could recover. If a plaintiff, after amending her petition, still fails
to plead a valid claim, the trial court may grant summary judgment on the pleadings. Gross v.
Davies, 882 S.W.2d 452, 454 (Tex. App.--Houston [1st Dist.] 1994, writ denied).

 However, in addition to her claims under the wrongful death and survival statutes,
Rupp's first amended petition also alleged claims arising out of Brown and Associates's negligent
medical treatment of her. In her second point of error, Rupp argues that the trial court erred in
granting summary judgment because she pleaded a valid cause of action arising in negligence.

 There is no cause of action in Texas for the negligent treatment of or injury to a
fetus. Pietila, 851 S.W.2d at 186-87. However, Texas does recognize that a doctor's negligence
in diagnosing and treating a pregnant woman is "entirely different" from negligence in caring for
and treating the fetus. Krishnan, 916 S.W.2d at 479-82. In Krishnan, the plaintiff sought
recovery of damages from a stillbirth due to the allegedly negligent diagnosis, supervision, and
treatment of the mother's preeclampsia condition. The court distinguished Pietila, in which the
plaintiffs alleged that their injury arose from the doctor's negligent treatment of the fetus, not the
mother. Id. at 479-80. Because the plaintiff in Krishnan alleged negligent diagnosis and treatment
of her condition, the supreme court held that she was entitled to bring suit and to recover mental
anguish damages:


We see no rational basis for excluding recovery of mental anguish damages in
personal injury actions which have as one element the loss of a fetus. 
Consequently, we hold that [the plaintiff] may recover mental anguish damages
suffered as a result of her injury which was proximately caused by [her doctor's]
allegedly negligent diagnosis, prenatal supervision and treatment of [the plaintiff]
and which includes the loss of her fetus.



Id. at 482 (emphasis added).

 In Edinburg, the supreme court followed Krishnan in recognizing a cause of action
when the plaintiff alleged negligent treatment of the mother, negligent administration of labor-inducing drugs to the mother, and negligent monitoring of the mother, all of which resulted in a
stillbirth. Edinburg, 941 S.W.2d at 78-79. Together, the cases hold that "a woman can recover
mental anguish damages resulting from negligent treatment that causes the loss of a fetus as part
of the woman's body."(1) Id. at 79; see also Wheeler v. Yettie Kersting Mem'l Hosp., 866 S.W.2d
32, 44-45 (Tex. App.--Houston [1st Dist.] 1993, no writ) (holding that plaintiff stated a cause of
action arising from allegedly negligent treatment of the pregnant woman, not the fetus).

 Like the plaintiffs in Krishnan, Edinburg, and Wheeler, Rupp has alleged that
Brown and Associates were negligent in treating her and caused her physical pain, suffering, and
impairment. Rupp alleged that appellees' mistreatment of her caused her to suffer mental anguish
over the loss of the fetus. She claimed to have suffered additional injury at having to undergo a
caesarian section, and additional mental anguish when appellees' scheduling problems caused her
to carry a dead fetus in her womb for two days before it was surgically removed. As early as
1888, a Texas court recognized that even though a woman could not recover mental anguish
damages for a stillbirth when Western Union failed to deliver a message to her physician in a
timely manner, she could nevertheless recover reasonable compensation if she "suffered more
physical pain, mental anxiety, and alarm, on account of her own condition, than she would have
done if [the doctor] had been in attendance upon her . . . ." Western Union Tel. Co. v. Cooper,
9 S.W. 598, 599 (1888).(2) Unquestionably, Rupp has alleged such "increased" pain and mental
suffering due to the delay in removing the dead fetus and due to the invasive surgery she required. 
This case is controlled by Krishnan and its progeny, not by Pietila, in which the plaintiffs failed
to claim negligent treatment of the pregnant woman. Accordingly, we sustain Rupp's second point
of error.

 We next turn to the no-evidence portion of Brown and Associates's motion for
summary judgment to determine whether Rupp failed to produce any evidence that she suffered
damage as a result of any negligence.


No-Evidence Ground for Summary Judgment

 In a no-evidence summary judgment, the movant must specifically state the elements
as to which there is no evidence. Tex. R. Civ. P. 166a(i); Macias v. Fiesta Mart, Inc., 988
S.W.2d 316, 316-17 (Tex. App.--Houston [1st Dist.] 1999, no pet.). In her first point of error,
Rupp argues that the trial court erred in granting summary judgment because Brown and
Associates failed to state specifically the element of Rupp's cause for which there is no evidence. 
Brown and Associates's motion, however, specifically states: "Ms. Rupp did not suffer personal
injury as a result of Dr. Brown's care." Thus, Brown and Associates specifically asserted that
Rupp failed to show evidence that she suffered personal injury as a result of her allegations. We
therefore consider whether Rupp has produced any evidence of probative force to raise a fact issue
on the question of her damages. See Qantel Bus. Syss., Inc. v. Custom Controls Co., 761 S.W.2d
302, 303-04 (Tex. 1988).

 Brown and Associates assert that Rupp has suffered no damages. Their position
is contingent upon their argument that a plaintiff must show physical injury to herself separate and
apart from the loss of the fetus. In support of their contention, Brown and Associates refer to
Sosebee v. Hillcrest Baptist Medical Center, 8 S.W.3d 427 (Tex. App.--Waco 1999, pet. denied),
which states that "if the mother of a stillborn child alleges that she herself received negligent
prenatal care and shows that this negligent care caused 'physical injury and mental anguish
independent of the stillbirth,' then she may recover her damages." Id. at 435 (quoting Booth v.
Cathey, 893 S.W.2d 715, 718-19 (Tex. App.--Texarkana), rev'd on other grounds, 900 S.W.2d
339 (Tex. 1995)). Brown and Associates assert that the holding requires that a woman can recover
only if she shows her own physical injury independent of the loss of the fetus. Brown and
Associates argue that aside from any other proof in the record, Rupp's deposition testimony proves
as a matter of law that she suffered no personal injury independent of the loss of the fetus. In
particular, Brown and Associates point to the following exchange from Rupp's deposition:


Q: You didn't have any physical injuries yourself, did you . . . ? You're not
claiming any physical illnesses?


A: Just a broken heart.



 We need not decide whether a woman's loss of a fetus alone constitutes sufficient
injury to entitle her to recover. Rather, we merely follow Edinburg and Krishnan in determining
that Rupp has asserted a cause of action for damages suffered as the result of a personal injury,
which has as one element the loss of a fetus. See Edinburg, 941 S.W.2d at 79; Krishnan, 916
S.W.2d at 482. The summary judgment proof contains some evidence that Rupp suffered injuries
in addition to and separate from the loss of the fetus. The summary judgment record also contains
evidence that Rupp suffered severe pain and personal injury due to carrying the deceased fetus for
several days before being able to have it surgically removed. Rupp testified that she required
medication during this interim period. Rupp further claimed physical pain and suffering from
having the fetus surgically removed by cesarian section; the record reveals that such surgery was
severe enough to confine Rupp to the hospital for two days thereafter. When reviewing a no-evidence summary judgment, we consider all of the evidence in the light most favorable to the
party against whom the judgment was rendered; every reasonable inference must be indulged in
favor of the nonmovant, and any doubts resolved in its favor. See Qantel, 761 S.W.2d at 303-04.

 The trial court may not grant a no-evidence summary judgment if the record
contains more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.
R. Civ. P. 166a(i); see Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
More than a scintilla exists when the evidence "rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions." Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995). Under this standard of review, we determine that the record contains
summary judgment proof that Rupp suffered damages, independent of the loss of the fetus. 
Accordingly, the trial court's grant of a no-evidence summary judgment on this cause was
improper.


CONCLUSION Having determined that the trial court erred in granting summary judgment because
Rupp asserted a cause of action for her injuries and because the record contains proof that she
sustained damages, we need not reach Rupp's other points of error. We reverse the summary
judgment and remand the cause to the trial court for further proceedings.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson 

Reversed and Remanded

Filed: November 9, 2000

Publish

1. At the same time, the supreme court held in both cases that a parent may not recover
under the wrongful death statute for the death of a fetus. Edinburg, 941 S.W.2d at 78; Krishnan,
916 S.W.2d at 479. In Edinburg, the court reaffirmed that there is no bystander cause of action
in medical malpractice cases, precluding a parent's suit as a bystander. Edinburg, 941 S.W.2d
at 79-81.
2. The supreme court distinguished Cooper, where death resulted from a "secondary cause"
that was too remote, from Krishnan, in which a stillbirth allegedly resulted directly from the
doctor's negligent diagnosis, prenatal supervision, and treatment of the pregnant woman. "[T]o
the extent that Cooper is not distinguishable," the court said, "we overrule it." Krishnan, 916
S.W.2d at 480.


orn child alleges that she herself received negligent
prenatal care and shows that this negligent care caused 'physical injury and mental anguish
independent of the stillbirth,' then she may recover her damages." Id. at 435 (quoting Booth v.
Cathey, 893 S.W.2d 715, 718-19 (Tex. App.--Texarkana), rev'd on other grounds, 900 S.W.2d
339 (Tex. 1995)). Brown and Associates assert that the holding