# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00142-CV

**Margie Rupp, Individually and on Behalf of Jacob Rupp, Appellants**

**v.**

**Charles E. L. Brown, M.D.; and Central Texas Perinatal Associates, P.A., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. 98-05623-A, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

Appellant Margie Rupp ("Rupp") brought suit against appellees, Charles Brown, M.D. and Central Texas Perinatal Associates, P.A. (hereinafter "Brown and Associates"), for alleged medical malpractice resulting in the loss of Rupp's fetus. The trial court granted Brown and Associates's motion for summary judgment, and Rupp appeals. We will reverse the judgment and remand the cause to the trial court.

## BACKGROUND

In 1996, Rupp was pregnant with her second child. Rupp is blood-type O negative/D negative with Rh sensitization, and her husband is Rh genotype Cde/cDe. Due to their blood types, any baby the couple conceives will be "Rh affected," meaning that the Rh-sensitized mother produces antibodies that attack the Rh-affected fetus's red blood cells, causing the fetus to suffer severe

anemia. This condition is called "Rh disease" and, if left untreated, can result in *erythroblastosis fetalis* or death of the fetus.

During Rupp's first pregnancy in 1992, her obstetrician referred Rupp to a perinatologist at Central Texas Perinatal Associates, where her Rh-complicated pregnancy was successfully managed by giving the fetus intrauterine blood transfusions. During her second pregnancy, Rupp was again referred to Central Texas Perinatal Associates, this time to Dr. Charles Brown. On April 4, 1996, at twenty-six-weeks gestation, amniocentesis revealed a high level of bilirubin, indicating that Rupp's fetus was in distress and that Rupp's antibodies had escalated their attack on her fetus's red blood cells. Despite this information, Rupp failed to receive intrauterine transfusions as she had during her first pregnancy. At approximately thirty-two to thirty-three-weeks gestation, Rupp moved to Dallas and transferred her care to Dr. Katrina Walsh. At thirty-six-weeks gestation, Rupp stopped feeling fetal movement and proceeded to the hospital where she was informed that the fetus was dead. Rupp waited two days for an available hospital operating room to have the fetus delivered by cesarean section.

Rupp filed suit against Brown and Associates, Katrina Walsh, M.D., and Katrina Walsh, M.D., P.A., alleging that Brown and Associates and Walsh were negligent in their treatment of her, and that such negligence proximately caused the death of Rupp's fetus and caused Rupp damages, including mental anguish. Appellees filed a joint motion for summary judgment arguing that there is no valid cause of action for the loss of a fetus absent physical injury to the mother and, because there was no evidence of independent physical damages suffered by Rupp, Brown and Associates were entitled to summary judgment. After the motion for summary judgment was filed

but before the summary judgment hearing, Rupp amended her petition, specifically asserting causes of action under the wrongful death and survival statutes, and raising constitutional challenges to both statutes. Rupp also filed a response to Brown and Associates's motion, to which Brown and Associates filed a reply. The trial court conducted a hearing in December 1999 and granted summary judgment in favor of Brown and Associates. An order of severance was signed as to Walsh, allowing the summary judgment to become final, and this appeal followed.

Rupp bases her appeal on five points of error, arguing that the trial court erred in granting summary judgment because (1) Brown and Associates failed to state specifically in their motion the elements for which there is no evidence; (2) Rupp possesses a cause of action for the injury to her fetus as part of her body; (3) Rupp's first amended petition raised wrongful death and survival causes of action not addressed in Brown and Associates's motion for summary judgment; (4) case law concluding that a fetus is not a "person" or an "individual" within the meaning of the Texas wrongful death and survival statutes is erroneous; and (5) the failure to include a fetus within the definition of a "person" or an "individual" under the Texas wrongful death and survival statutes renders both statutes unconstitutional.

## DISCUSSION

Brown and Associates moved for summary judgment on the grounds that Rupp alleged no cause of action and further, that if she alleged a cause of action, she failed to come forth with any evidence of damages to sustain her negligence claim. Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep't of Ins. v. American Home Assurance Co.*, 998

3

S.W.2d 344, 347 (Tex. App.—Austin 1999, no pet.). The standards for review of a summary judgment are well-established: (1) the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Brown and Associates have the burden of showing that Rupp could not succeed on any theory pleaded. *See San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex. App.—San Antonio 1996, no writ).

### Rupp's Allegations

Brown and Associates have failed to establish that Rupp could not succeed on any of her pleaded claims. An amended pleading supercedes and supplants all previous pleadings. Tex. R. Civ. P. 65; *Johnson v. Coca-Cola Co.*, 727 S.W.2d 756, 758 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). In her amended petition, Rupp alleged a cause of action in negligence and causes of action under the Texas wrongful death and survival statutes. We examine Rupp's alleged causes of action separately, beginning with her wrongful death and survival causes of action.

The Supreme Court of Texas has uniformly and consistently held that there is no wrongful death or survival cause of action for the death of a fetus. *Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 78 (Tex. 1997); *Krishnan v. Sepulveda*, 916 S.W.2d 478, 479 (Tex. 1995); *Pietila v. Crites*, 851 S.W.2d 185, 187 (Tex. 1993); *Blackman v. Langford*, 795 S.W.2d 742, 743 (Tex. 1990); *Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 504 (Tex. 1987). Thus,

4

when Rupp amended her petition to add these allegations, she failed to add any cause of action upon which she could recover. If a plaintiff, after amending her petition, still fails to plead a valid claim, the trial court may grant summary judgment on the pleadings. *Gross v. Davies*, 882 S.W.2d 452, 454 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

However, in addition to her claims under the wrongful death and survival statutes, Rupp's first amended petition also alleged claims arising out of Brown and Associates's negligent medical treatment of her. In her second point of error, Rupp argues that the trial court erred in granting summary judgment because she pleaded a valid cause of action arising in negligence.

There is no cause of action in Texas for the negligent treatment of or injury to a fetus. *Pietila,* 851 S.W.2d at 186-87. However, Texas does recognize that a doctor's negligence in diagnosing and treating a pregnant woman is "entirely different" from negligence in caring for and treating the fetus. *Krishnan*, 916 S.W.2d at 479-82. In *Krishnan*, the plaintiff sought recovery of damages from a stillbirth due to the allegedly negligent diagnosis, supervision, and treatment of the *mother's* preeclampsia condition. The court distinguished *Pietila,* in which the plaintiffs alleged that their injury arose from the doctor's negligent treatment of the fetus, not the mother. *Id*. at 479-80. Because the plaintiff in *Krishnan* alleged negligent diagnosis and treatment of *her* condition, the supreme court held that she was entitled to bring suit and to recover mental anguish damages:

> We see no rational basis for excluding recovery of mental anguish damages in personal injury actions which have as one element the loss of a fetus. Consequently, we hold that [the plaintiff] may recover mental anguish damages suffered as a result of *her injury* which was proximately caused by [her doctor's] allegedly negligent diagnosis, prenatal supervision and treatment of [the plaintiff] and which includes the loss of her fetus.

*Id*. at 482 (emphasis added).

In *Edinburg,* the supreme court followed *Krishnan* in recognizing a cause of action when the plaintiff alleged negligent treatment of the mother, negligent administration of labor-inducing drugs to the mother, and negligent monitoring of the mother, all of which resulted in a stillbirth. *Edinburg*, 941 S.W.2d at 78-79. Together, the cases hold that "a woman can recover mental anguish damages resulting from negligent treatment that causes the loss of a fetus *as part of the woman's body*."[1] *Id.* at 79; *see also Wheeler v. Yettie Kersting Mem'l Hosp.,* 866 S.W.2d 32, 44-45 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding that plaintiff stated a cause of action arising from allegedly negligent treatment of the pregnant woman, not the fetus).

Like the plaintiffs in *Krishnan*, *Edinburg*, and *Wheeler*, Rupp has alleged that Brown and Associates were negligent in treating *her* and caused her physical pain, suffering, and impairment. Rupp alleged that appellees' mistreatment of *her* caused her to suffer mental anguish over the loss of the fetus. She claimed to have suffered additional injury at having to undergo a caesarian section, and additional mental anguish when appellees' scheduling problems caused her to carry a dead fetus in her womb for two days before it was surgically removed. As early as 1888, a Texas court recognized that even though a woman could not recover mental anguish damages for a stillbirth when Western Union failed to deliver a message to her physician in a timely manner, she could nevertheless recover reasonable compensation if she "suffered more physical pain, mental anxiety, and alarm, on account of her own condition, than she would have done if [the doctor] had been in attendance upon

---

[1] At the same time, the supreme court held in both cases that a parent may not recover under the wrongful death statute for the death of a fetus. Edinburg, 941 S.W.2d at 78; *Krishnan*, 916 S.W.2d at 479. In *Edinburg*, the court reaffirmed that there is no bystander cause of action in medical malpractice cases, precluding a parent's suit as a bystander. *Edinburg*, 941 S.W.2d at 79-81.

her . . . ." *Western Union Tel. Co. v. Cooper*, 9 S.W. 598, 599 (1888).[2] Unquestionably, Rupp has alleged such "increased" pain and mental suffering due to the delay in removing the dead fetus and due to the invasive surgery she required. This case is controlled by *Krishnan* and its progeny, not by *Pietila*, in which the plaintiffs failed to claim negligent treatment of the pregnant woman. Accordingly, we sustain Rupp's second point of error.

We next turn to the no-evidence portion of Brown and Associates's motion for summary judgment to determine whether Rupp failed to produce any evidence that she suffered damage as a result of any negligence.

## No-Evidence Ground for Summary Judgment

In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316-17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In her first point of error, Rupp argues that the trial court erred in granting summary judgment because Brown and Associates failed to state specifically the element of Rupp's cause for which there is no evidence. Brown and Associates's motion, however, specifically states: "Ms. Rupp did not suffer personal injury as a result of Dr. Brown's care." Thus, Brown and Associates specifically asserted that Rupp failed to show evidence that she suffered personal injury as a result of her allegations. We therefore consider whether Rupp

---

[2] The supreme court distinguished *Cooper,* where death resulted from a "secondary cause" that was too remote*, from *Krishnan,* in which a stillbirth allegedly resulted directly from the doctor's negligent diagnosis, prenatal supervision, and treatment of the pregnant woman. "[T]o the extent that *Cooper* is not distinguishable," the court said, "we overrule it." *Krishnan*, 916 S.W.2d at 480.

has produced any evidence of probative force to raise a fact issue on the question of her damages. *See Qantel Bus. Syss., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303-04 (Tex. 1988).

Brown and Associates assert that Rupp has suffered no damages. Their position is contingent upon their argument that a plaintiff must show physical injury to herself separate and apart from the loss of the fetus. In support of their contention, Brown and Associates refer to *Sosebee v. Hillcrest Baptist Medical Center*, 8 S.W.3d 427 (Tex. App.—Waco 1999, pet. denied), which states that "if the mother of a stillborn child alleges that she herself received negligent prenatal care and shows that this negligent care caused 'physical injury and mental anguish independent of the stillbirth,' then she may recover her damages." *Id*. at 435 (quoting *Booth v. Cathey*, 893 S.W.2d 715, 718-19 (Tex. App.—Texarkana), *rev'd on other grounds*, 900 S.W.2d 339 (Tex. 1995)). Brown and Associates assert that the holding requires that a woman can recover *only if* she shows her own physical injury independent of the loss of the fetus. Brown and Associates argue that aside from any other proof in the record, Rupp's deposition testimony proves as a matter of law that she suffered no personal injury independent of the loss of the fetus. In particular, Brown and Associates point to the following exchange from Rupp's deposition:

Q: You didn't have any physical injuries yourself, did you . . . ? You're not claiming any physical illnesses?

A: Just a broken heart.

We need not decide whether a woman's loss of a fetus alone constitutes sufficient injury to entitle her to recover. Rather, we merely follow *Edinburg* and *Krishnan* in determining that Rupp has asserted a cause of action for damages suffered as the result of a personal injury, which has

8

*as one element* the loss of a fetus. *See Edinburg*, 941 S.W.2d at 79; *Krishnan*, 916 S.W.2d at 482. The summary judgment proof contains some evidence that Rupp suffered injuries in addition to and separate from the loss of the fetus. The summary judgment record also contains evidence that Rupp suffered severe pain and personal injury due to carrying the deceased fetus for several days before being able to have it surgically removed. Rupp testified that she required medication during this interim period. Rupp further claimed physical pain and suffering from having the fetus surgically removed by cesarian section; the record reveals that such surgery was severe enough to confine Rupp to the hospital for two days thereafter. When reviewing a no-evidence summary judgment, we consider *all* of the evidence in the light most favorable to the party against whom the judgment was rendered; every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *See Qantel*, 761 S.W.2d at 303-04.

The trial court may not grant a no-evidence summary judgment if the record contains more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i); *see Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). Under this standard of review, we determine that the record contains summary judgment proof that Rupp suffered damages, independent of the loss of the fetus. Accordingly, the trial court's grant of a no-evidence summary judgment on this cause was improper.

**CONCLUSION**

Having determined that the trial court erred in granting summary judgment because Rupp asserted a cause of action for her injuries and because the record contains proof that she sustained damages, we need not reach Rupp's other points of error. We reverse the summary judgment and remand the cause to the trial court for further proceedings.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: November 9, 2000

Publish