Humberto SEPULVEDA, Jr. and Olga Sepulveda, Appellants,

v.

Elizabeth G. KRISHNAN, M.D., Appellee.

No. 13–91–245–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1992.

Rehearing Overruled Oct. 15, 1992.

David J. Nagle, Austin, for appellants.

Gary L. Gurwitz, Rex N. Leach, Kristen Clark, Lisa Powell, Atlas & Hall, McAllen, for appellee.

Before SEERDEN, KENNEDY, and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Humberto and Olga Sepulveda appeal from the dismissal of their claims against Elizabeth Krishnan, M.D., for medical malpractice in connection with the supervision and treatment of Olga during pregnancy and the death of the child. The Sepulvedas raise four points of error. We reverse and remand.

By their original petition, the Sepulvedas alleged that Dr. Krishnan was negligent in her prenatal supervision of Olga's pregnancy and her failure to diagnose and promptly treat Olga's condition of preeclampsia. The Sepulvedas alleged that Dr. Krishnan's negligence caused their daughter's death, caused the Sepulvedas to suffer mental anguish, loss of society and companionship

of their daughter, and funeral and burial expenses for their daughter.

Dr. Krishnan specially excepted to the original petition on the ground that the damages alleged in the form of mental suffering and loss of society, companionship and affection are not recognized under Texas law for the death of an unborn fetus.

On the day of the pretrial hearing, the Sepulvedas attempted to file Plaintiffs' First Amended Petition, in which the Sepulvedas alleged more specifically the basis of their claim that Dr. Krishnan had been negligent in her treatment of Olga, that their daughter was stillborn, and that they sustained "bystander" emotional damages.

By the order now appealed from, the trial court denied leave to file Plaintiffs' First Amended Petition as untimely, sustained the special exception and ordered the case dismissed with prejudice.

By their first and second points of error, the Sepulvedas complain that the trial court erred in sustaining a special exception to their causes of action for mental suffering and loss of society, companionship and affection of their child due to the negligence of Dr. Krishnan, and in dismissing the their case with prejudice.

### Dismissal on Special Exceptions

■ Where the plaintiff's pleadings are insufficient because they fail to state a cause of action, the proper remedy for the defendant is to file special exceptions under Tex.R.Civ.P. 91. *Moseley v. Hernandez,* 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ); *McFarland v. Reynolds,* 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ). If the special exceptions have been sustained, generally the plaintiff must then be given an opportunity to amend before the case may be dismissed for failure to state a cause of action. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974); *Moseley,* 797 S.W.2d at 242.

However, the trial court need not give the plaintiff an opportunity to amend when the pleading defect is of a type that amendment cannot cure. *Slentz v. American Airlines, Inc.,* 817 S.W.2d 366, 369 (Tex. App.—austin 1991, writ denied); *Geochem Laboratories, Inc. v. Brown & Ruth Laboratories, Inc.,* 689 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Atkinson v. Reid,* 625 S.W.2d 64, 66 (Tex.App.—San Antonio 1981, no writ); *Williams v. Muse,* 369 S.W.2d 467, 470–71 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).[1] In the present case, Dr. Krishnan argues that the Sepulvedas' claims for damages flowing from the death of their unborn fetus cannot be amended to state a cause of action because claims of this nature are not recognized under Texas law.

In their original petition, the Sepulvedas alleged that:

As a direct and proximate result of the Defendant's negligence, Plaintiffs' daughter, Patricia Sepulveda, died, and Plaintiffs have been caused to suffer severe mental pain, anguish, grief, and sorrow. Additionally, Plaintiffs have been caused to suffer the loss of society, companionship, and affection of their daughter, Patricia Sepulveda, deceased. Plaintiffs have also incurred expenses for funeral and burial for Patricia reasonably suitable to her station in life.

Dr. Krishnan specially excepted to the above paragraph of plaintiffs' petition on the ground that the damages alleged are not recognized under Texas law for the death of an unborn fetus.

However, nowhere in the original petition do the Sepulvedas allege that their child was stillborn or that their cause of action is based on the death of a fetus. Indeed, by their third point of error, the Sepulvedas separately complain that the trial court improperly inferred that their cause of action was for the death of a fetus from counsels' argument of matters outside the record during the pretrial hearing. In order to determine whether the special

---

**1.** *Cf. Herring,* 513 S.W.2d at 9; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Bowen v. Calallen Independent School District,* 603 S.W.2d 229, 231 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) (summary judgment on the pleadings may also be proper where the plaintiff pleads facts which affirmatively negate his cause of action).

exceptions were properly sustained, we must initially determine the nature of the pleadings and whether the trial court properly considered the Sepulvedas' causes of action to be based on the death of a fetus.

### Admissions

■ A special exception becomes an impermissible "speaking demurrer" when, instead of limiting itself to the allegations of the petition and pointing out defects evident therein, it relies upon facts extrinsic to the petition to challenge the plaintiff's right to recover. *Brown v. Hawes,* 764 S.W.2d 855 (Tex.App.—Austin 1989, no writ); *Moseley,* 797 S.W.2d at 242 n. 1; 2 R. McDonald, Texas Civil Practice in District and County Courts § 7.22 (rev. 1970).

However, at a pre-trial hearing, admitted or undisputed facts may be used to narrow and define the pleadings upon which a special exception has been raised contending that the plaintiff has not asserted a cause of action upon which relief may be granted. *Provident Life & Accident Ins. Co. v. Hazlitt,* 147 Tex. 426, 216 S.W.2d 805, 807 (1949).

■ A judicial admission must be: 1) made in the course of a judicial proceeding; 2) contrary to an essential fact for the party's recovery; 3) deliberate, clear and unequivocal; 4) related to a fact upon which judgment for the opposing party could be based; and 5) enforcing the admission would be consistent with public policy. *Hercules Exploration, Inc. v. Halliburton Co.,* 658 S.W.2d 716, 720 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *United States Fidelity & Guaranty Co. v. Carr,* 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). If they satisfy the above rule, moreover, counsel's statements on behalf of his client may serve as judicial admissions. *See Shafer v. Bedard,* 761 S.W.2d 126, 129–30 (Tex.App.—Dallas 1988, no writ); *Hochmetal Africa (PTY), Ltd. v. Metals, Inc.,* 566 S.W.2d 715, 718 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Rosse v. Northern Pump Co.,* 353 S.W.2d 287, 292 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.).

■ A trial court thus has the right to consider the petition in light of the admissions of plaintiff's counsel regarding the intent and nature of plaintiff's claims. *See Sedgwick v. Kirby Lumber Co.,* 130 Tex. 163, 107 S.W.2d 358, 360 (1937) (counsel represented that no charge of fraud was intended by petition in connection with a cause of action which thereby became insupportable and was dismissed on general demurrer).

■ In the present case, Mr. Schmidt, counsel for the Sepulvedas, repeatedly represented to the trial court at the pretrial hearing that his cause of action was for "emotional damages accompanying the loss of the fetus," and that the Sepulvedas "were caused to suffer severe mental pain, grief and sorrow ... arising out of the death of the fetus." In addition, after Mr. Gurwitz, counsel for Dr. Krishnan, represented to the court that "[t]he baby was still born (sic), and there is no argument about that," Schmidt silently acquiesced and later continued to characterize his cause of action as "arising out of the fetal demise," and stated that "[i]t is our position that we have alleged a cause of action for fetal demise from the onset." In short, Schmidt's representations that the fetus in question died before birth were deliberate, clear and unequivocal, and thus acted as a judicial admission.

### Claims Arising From Fetal Demise

We must now determine whether Texas law recognizes the causes of action alleged by the Sepulvedas in connection with the death of their stillborn daughter. The Sepulvedas' original petition, as interpreted in light of counsel's admissions, alleged three basic causes of action for: (1.) mental anguish from the death of the fetus and from the negligent treatment of Olga's condition; (2.) loss of society and companionship of the stillborn child; and (3.) funeral and burial expenses for the stillborn child.

### a. Statutory Wrongful Death Act Claims.

In *Sanchez v. Schindler,* 651 S.W.2d 249, 251 (Tex.1983), the Texas Supreme Court

first recognized a parent's right to recover damages for loss of companionship and society and for mental anguish for the death of a child under the Texas Wrongful Death Act. Tex.Civ.Prac. & Rem.Code Ann. § 71.001 *et seq.* (Vernon 1986). In a recent wrongful death of a child case, *Moore v. Lillebo,* 722 S.W.2d 683, 687 (Tex.1986), the Texas Supreme Court listed the four basic elements of damages as: pecuniary loss, loss of inheritance, mental anguish, and loss of society and companionship. With regard to the latter two, moreover, the Supreme Court noted that "mental anguish" represents an emotional response to the death itself, while "loss of society and companionship" constitutes a loss of positive benefits which flowed to the family from the decedent's having been a part of it. *Id.* at 687–88.

■ However, our Supreme Court has also held that the Texas Wrongful Death Act precludes recovery for the death of a fetus. *Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503, 504 (Tex.1987). Thus, any such claims in the present case for mental anguish or loss of society and companionship for death of a fetus that are brought as statutory causes of action under the Texas Wrongful Death Act would be precluded under the rationale of *Witty.* Therefore, we must further determine whether the Sepulvedas' claims raise nonstatutory, common law claims for damages associated with the death of a fetus that are recognized under Texas law.

*b. Common Law Mental Anguish Claims.*

Generally, a common law claim for damages for the mental anguish that a parent suffers as a result of a child's injury or death due to the defendant's negligent conduct is a form of "bystander recovery" that requires the parent to have witnessed the accident causing the death or injuries. *See Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988); *Robinson v. Chiarello,* 806 S.W.2d 304, 309–10 (Tex.App.—Fort Worth 1991, writ denied); *Jannette v. Deprez,* 701 S.W.2d 56, 61 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

However, it appears that Texas law treats death of a fetus differently, as a direct injury to the mother rather than as an injury to a separate entity witnessed by the mother. Regarding a common law claim for mental anguish resulting from the death of a fetus, the Texas Supreme Court said in *Witty* that "the mental anguish suffered by [the mother] is a part of the injury suffered as a result of the accident." *Id.* at 506. However, because the plaintiff in *Witty* had already recovered benefits under the Workers' Compensation Act for the same injury, the Supreme Court held the common law cause of action to be barred. *Id.* at 506. Thus, in *Crites v. Pietila,* 826 S.W.2d 175, 176–77 (Tex. App.—El Paso 1992, writ requested), the Court of Appeals interpreted *Witty* as implicitly recognizing a common law cause of action for mental anguish suffered by the mother for the death of her fetus. *See also Wheeler v. Yettie Kersting Memorial Hospital,* 761 S.W.2d 785, 787 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *cf. St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex.1987) (parents sought damages for mental anguish after their stillborn daughter had been buried in an unmarked, common grave without their knowledge or consent). We also recognize that the Sepulvedas' original petition raises a valid common law cause of action for the mental anguish that Olga Sepulveda suffered as a result of the death of her fetus as a part of the injury to her own body, and possibly in addition to other injuries to her body as a result of Dr. Krishnan's negligence.

*c. Common Law Loss of Society and Companionship Claims.*

■ With regard to a common law claim for loss of society and companionship, we do not believe that loss of a fetus can be distinguished from loss of a child, since the benefits of future society and companionship are dependent upon the fetus being born and having a separate existence from the mother.

Our courts have held that, because there is no common law right to recover for the

wrongful death of another, any recovery by parents for their loss of love, advice, comfort, companionship and society of a deceased child is limited to a statutory cause of action under the Texas Wrongful Death Act. *Taylor v. Parr,* 678 S.W.2d 527, 529 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *see also Jannette v. Deprez,* 701 S.W.2d 56, 61 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Bennight v. Western Auto Supply Co.,* 670 S.W.2d 373, 378–80 (Tex.App.—Austin 1984, writ ref'd n.r.e.) (no common law cause of action for loss or society or companionship in the context of the parent/child relationship). In *Taylor,* the Court held that foster parents who did not have standing to bring a statutory wrongful death action could not alternately recover loss of society and companionship damages by a common law claim for tortious interference with their familial relationship. Similarly, in the present case, we do not believe that Texas law recognizes a common law cause of action for loss of society and companionship in connection with the loss of a fetus.

*d. Funeral and Burial Expense Claims.*

 Finally, with regard to the Sepulvedas' claim for funeral expenses, we note that this was not even challenged by Krishnan's special exception, and therefore should not have been dismissed. Moreover, though they are normally an expense of the decedent's estate, *see Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 35 (Tex. 1963), funeral expenses for the death of a fetus are considered expenses incurred by the mother as a direct result of her injury. *See Witty v. American General Capital Distributors, Inc.,* 727 S.W.2d 503, 506 (Tex.1987).

**2.** Specifically with regard to their fourth point of error, by which the Sepulvedas complain that the trial court erred in denying their motion to file an amended petition as untimely, we believe that their complaint has become moot by virtue of our remand of the case to the trial court for trial. When a case has been remanded, the cause is pending and amended pleadings may be filed pursuant to Tex.R.Civ.P. 63. *Tower Contracting Co. v. Flores,* 157 Tex. 297, 302 S.W.2d 396, 400 (1957); *United States Fidelity*

Having found that the original petition properly raised a common law cause of action for the mental anguish of Olga Sepulveda and a claim for funeral and burial expenses, we sustain the Sepulvedas' first and second points of error.

The Sepulvedas' third and fourth points of error are not dispositive and we do not address them.[2] *See* Tex.R.App.P. 90(a).

We REVERSE the trial court's order of dismissal and REMAND the present case for trial in accordance with this opinion.

*and Guaranty Co. v. Beuhler,* 597 S.W.2d 523, 524–25 (Tex.Civ.App.—Beaumont 1980, no writ); *Lampman v. First National Bank,* 463 S.W.2d 28 (Tex.Civ.App.—Waco 1970, writ ref'd n.r.e.); *Roberts v. Mullen,* 446 S.W.2d 86, 90 (Tex.Civ. App.—Dallas 1969, writ ref'd n.r.e.). In the present case, therefore, the Sepulvedas are now free to amend within a reasonable time before trial, and the issue of the propriety of the trial court's refusal to allow the formerly offered amended petition is now moot.