972 P.2d 645

Beth S. BURNHAM and Stephen Burnham, husband and wife, and surviving parents of Lauren Elizabeth Burnham, deceased, Plaintiffs–Appellees, Cross–Appellants,

v.

Bruce A. MILLER, M.D., Ltd., an Arizona corporation; TIMC Radiology Group, Ltd., an Arizona corporation; John A. Garbaciak, Jr.; Bruce A. Miller; Robert R. McCarver, Jr., Defendants–Appellants, Cross–Appellees.

No. 1 CA–CV 96–0414.

Court of Appeals of Arizona, Division 1, Department B.

April 21, 1998.

Reconsideration Denied June 22, 1998.

Review Denied Feb. 24, 1999.

Burch & Cracchiolo, P.A., Daniel Cracchiolo, Donna Platt Boros and Ralph D. Harris, Phoenix, for Plaintiffs–Appellees, Cross–Appellants.

O'Connor, Cavanagh, Anderson, Killingsworth & Beshears, P.A., Christopher Robbins, and Snell & Wilmer, Paul J. Giancola, Phoenix, for Defendants–Appellants, Cross–Appellees Miller and Bruce A. Miller, M.D., Ltd.

Jones, Skelton & Hochuli, William R. Jones, Jr., Monica D. Beerling, and David C. Lewis, Phoenix, for Defendants–Appellants, Cross–Appellees McCarver and TMC Radiology.

Teilborg, Sanders & Parks, P.C. by Stephen Paul Forrest, and Vincent J. Montell, Phoenix, for Defendant–Appellant, Cross–Appellee Garbaciak.

## OPINION

EHRLICH, Judge.

¶ 1  This appeal arises out of a medical malpractice/wrongful-death action.  Beth and Stephen Burnham sued several health-care providers ("defendants"), alleging that their negligence led to the stillbirth of their daughter, Lauren, one of a twin pregnancy.  The defendants appeal from the judgment against them and the trial court's failure to direct a verdict in their favor or order a new trial on liability.  The Burnhams cross-appeal from the court's grant of a new trial on the issue of damages.  In a separate memorandum decision filed this date, we have directed the entry of judgments notwithstanding the verdict in favor of Bruce A. Miller, Dr. Miller's corporation, Robert R. McCarver, Jr., and TMC Radiology Group, and for a new trial on the liability of John A. Garbaciak, Jr., and the Burnhams' damages, if any.  In that decision, we resolved all of the issues raised on appeal and cross-appeal with the exception of one regarding the propriety of loss-of-society damages for Lauren's death, which we now address.

¶ 2  The defendants challenge the trial court's determination that the Burnhams could recover loss-of-society damages related to Lauren's death.  They contend that such damages cannot be recovered for a stillborn child because loss-of-society damages in the wrongful-death context are supposed to compensate a survivor for the loss of a relationship with the decedent, a relationship which the parents of a stillborn child never develop.  The defendants conclude that such damages are therefore speculative and inappropriate.  We disagree.

¶ 3  No Arizona court has yet addressed this issue, but the supreme court has held that a wrongful-death action may be maintained by the parents of a viable stillborn fetus.  *Summerfield v. Superior Court,*

144 Ariz. 467, 479, 698 P.2d 712, 724 (1985). Further, the court has concluded that parents can recover damages for loss of their child's consortium regardless of the age of the child. *Howard Frank, M.D., P.C. v. Superior Court,* 150 Ariz. 228, 231, 722 P.2d 955, 958 (1986) (parents may recover loss-of-consortium damages related to the severe injury of their adult child).

¶ 4 Courts from other jurisdictions addressing this issue have allowed the recovery of such damages when their statutes, like those of Arizona, allow the maintenance of a wrongful-death action for the death of an unborn viable fetus. *See, e.g., Seef v. Sutkus,* 145 Ill.2d 336, 164 Ill.Dec. 594, 583 N.E.2d 510, 511–12 (1991); *Hopkins v. McBane,* 427 N.W.2d 85, 92 (N.D.1988); *Dunn v. Rose Way, Inc.,* 333 N.W.2d 830, 831–33 (Iowa 1983); *Volk v. Baldazo,* 103 Idaho 570, 651 P.2d 11, 14 (1982); *see also In re Air Crash Disaster at New Orleans, La.,* 795 F.2d 1230, 1236 (5th Cir.1986) (applying Louisiana law, siblings of unborn child killed in airplane crash could recover damages for the loss of love and affection of their unborn brother); *but see Sepulveda v. Krishnan,* 839 S.W.2d 132, 136–37 (Tex.App.1992) (parents cannot recover loss of society and companionship for stillborn daughter because Texas Wrongful Death Act provides sole method of recovery for such damages, and it precludes recovery for the loss of a fetus), *aff'd,* 916 S.W.2d 478 (Tex.1995).

■ ¶ 5 In light of the Arizona cases allowing wrongful-death actions for the death of a viable fetus and the cases authorizing the recovery of loss-of-society damages regardless of the age of the child, we conclude that a parent may recover loss-of-society damages for a stillborn child. The damages are really no more speculative in one case than they are in the other, and, to a significant degree, loss-of-society or consortium damages always are incapable of exact measurement. *See Clark v. Icicle Irrigation Dist.,* 72 Wash.2d 201, 432 P.2d 541, 545 (1967) (upholding jury award for loss of companionship of deceased child while recognizing that "the value of companionship is impossible of exact estimation"). In a case like this one, the jury may consider to what mag-

nitude the parents developed a relationship with Lauren when considering the amount to be awarded. *See Seef,* 164 Ill.Dec. 594, 583 N.E.2d at 514 (Miller, J., concurring) ("While consideration of the 'length, intensity and quality of the parent-child relationship' may in some cases be useful in measuring the magnitude of the parents' loss, it does not determine whether a loss has occurred.").

■ ¶ 6 Before the twins were born, the Burnhams developed a relationship with them. They spoke, sang and read to them; they developed love for them and expectations for their future. As the Iowa Supreme Court said in *Dunn,* a parent's loss of a child's expected love and companionship does not vanish simply because the child is lost before birth. 333 N.W.2d at 833. "To the deprived parent the loss is real either way." *Id.* The trial court properly instructed the jury that the Burnhams could recover loss-of-society damages for Lauren's death.

GERBER, J., and TOCI, J., concur.