Opinion issued January 30, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00060-CV




ROBERT G. ADMIRE, JR., Appellant

V.

H.E. BUTT GROCERY COMPANY, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 9918890




MEMORANDUM OPINION

          Robert G. Admire Jr., appellant, fell from a ladder leading to H.E.B. Grocery
Company’s roof top while working as an independent contractor servicing H.E.B.’s
refrigeration units. Admire sued H.E.B. for negligence. A jury found that H.E.B., as
property owner of the premises where the accident occurred, was not negligent and was not
in control of appellant’s work performance. The court rendered judgment for appellee. 
Appellant challenges the judgment rendered against him. He raises five issues on appeal,
complaining that (1) the jury charge was fatally defective, (2) appellee judicially admitted
negligence, (3) the finding of no negligence against appellee was against the great weight and
preponderance of the evidence, (4) the evidence was insufficient to support a finding of
contributory negligence, and (5) the jury damage findings were against the great weight and
preponderance of the evidence.
I. Background
           On August 3, 1998, appellant, was working as a refrigeration mechanic for Service
Refrigeration. H.E.B. contracted with Service Refrigeration to repair and service coolers and
refrigeration units. Appellant’s job was to repair air conditioning, refrigeration, heating, or
ice machines, including those located at H.E.B. #349. On August 3, 1998, appellant was sent
to H.E.B. #349 to service a cooling unit located on the roof of the store. Appellant fell from
the ladder while attempting to descend from the roof of the store after completing his work.
II. Defective Jury Charge
           Appellant’s first issue asserts that the court’s jury charge was fatally defective for
several reasons.
A.       Applicability of Civil Practice & Remedies Code Section 95.003
           Appellant first claims the trial court abused its discretion by submitting this case under
Texas Civil Practice and Remedies Code section 95.003. Tex. Civ. Prac. & Rem. Code §
95.003 (Vernon 1997). Appellant contends that section 95.003 does not apply to these facts
because he was not at H.E.B.’s premises to construct, repair, renovate or modify the roof
hatch entry system which included the ladder.
           In Fisher v. Chang, this court considered the applicability of section 95.003. Fisher
v. Chang, 16 S.W.3d 198 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). We held that
section 95.002 clarifies the scope of section 95.003. Id. at 201. Section 95.002 provides that
section 95.003 pertains to personal injuries “that arise from the condition or use of an
improvement to real property where the contractor or subcontractor constructs, repairs,
renovates or modifies the improvement.” See Tex. Civ. Prac. & Rem. Code Ann. § 95.002. 
Section 95.003 states that a property owner is not liable for personal injury, death, or property
damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who
constructs, repairs, renovates, or modifies an improvement to real property, including
personal injury, death, or property damage arising from the failure to provide a safe
workplace unless (1) the property owner exercises or retains some control over the manner
in which the work is performed, other than the right to order the work to start or stop or to
inspect progress or receive reports and (2) the property owner had actual knowledge of the
danger or condition resulting in the personal injury, death, or property damage and failed to
adequately warn. Tex. Civ. Prac. & Rem. Code Ann. § 95.003 (Vernon 1999).
           In Fisher, as in this case, the appellant fell from a ladder that he used to reach a roof
to perform his job, the repair of air conditioning units. In Fisher, the appellant fell from a
ladder used to access the work he was called to repair. In Fisher, the appellant argued that
because the ladder was not the subject of his work, a premises owner was not protected from
liability under section 95.003 of the Texas Civil Practice and Remedies Code. In Fisher, we
overruled Fisher’s arguments, and held that a premises owner is protected from liability if
he has no knowledge of a defect on the premises and did not retain control over the
contractor’s work. Like in Fisher, appellant’s use of the ladder was related to the work being
done. Section 95.003 does not require that the defective part be the object of his work. The
Fisher facts are virtually identical to our facts. The appellant in Fisher made the same
argument as appellant here. We held that nothing in the legislative history of section 95.003
indicated the statute applied only if the contractor was injured by the very object he was
repairing. Id.
           The court did not abuse its discretion in submitting this case under Texas Civil
Practice & Remedies Code section 95.003.
B.       Statutory Language of Jury Charge
           Appellant also claims that, even if chapter 95 is applicable to this case, question
number three in the jury charge was improperly submitted because it failed to track the exact
wording of the statute. Appellant complains that, instead of asking whether H.E.B.
“exercised or retained some control” over the manner in which the work is performed,
question number three asked only if H.E.B. “exercised some control.”
           When liability is asserted based upon a provision of a statute or regulation, a jury
charge should track the language of the provision as closely as possible. Borneman v. Steak
& Ale of Texas, Inc., 22 S.W.3d 411, 413 (Tex. 2000). An improper jury instruction is
grounds for reversal only if it probably caused the rendition of an improper judgment. 
Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2001). To determine whether
the instruction probably caused an improper judgment, we examine the entire record. Id. An
improper instruction is especially likely to cause an unfair trial when the trial is contested and
the evidence sharply conflicting. Id.
           “A property owner can retain the right to control an aspect of the independent
contractor’s work in two ways: by contract or by actual exercise of control.” Lee Lewis
Constr., Inc. v. Harrison, 70 S.W.3d 778, 783 (Tex. 2001). Appellant has provided no
evidence of a contractual agreement that explicitly assigned H.E.B. control over appellant’s
work. In the absence of such agreement, a right of control can only be established through
a premise owner’s actual exercise of control. Id.
           On cross-examination, appellant was asked if H.E.B. controlled the manner in which
he performed his work and he answered “no.” Appellant testified that, once the store
manager identified the unit to be repaired, appellant made the decisions and controlled the
manner of the work that needed to be done. Eldridge Palmer, Jr., the service manager at
Service Refrigeration, testified by deposition that he owned an interest in Comfort Systems
which is the entity that owns “Edmond’s Service Refrigeration.” On direct examination,
Eldridge was asked questions regarding H.E.B.’s control.
           Q:       With regards to diagnosing a problem on a refrigeration unit or some other
piece of equipment at [an] H.E.B. store, whose responsibility is it to take
control over that type of work?
 
           A:       Service Refrigeration.
 
           Q:       And in determining what types of repairs are supposed to be done, who makes
the decisions with regards to controlling that manner of the work?
 
           A:       Service Refrigeration.
 
           Q:       Does H.E.B. in any way make those decisions or control the manner in which
that work is done, to your knowledge?
 
           A:       No, sir.

Neither appellant nor Eldridge contend that H.E.B. exercised any control over Service
Refrigeration’s contractors. The evidence regarding H.E.B.’s “control” was not sharply
conflicting or contested since both appellant and Eldridge testified that H.E.B. did not retain
any control over the contractors’ work. Based on the record in this case, we do not find that
the court’s instruction probably caused the rendition of an improper judgment.
C.       Jury Instruction on Appellant’s Standard of Care
           Appellant next argues that the court erred in defining appellant’s standard of care as
“a contractor of ordinary prudence” rather than defining it as “person of ordinary care.” The
decision of whether to submit a particular definition is reviewed for an abuse of discretion,
with the essential question being whether the definition aids the jury in answering the
question. Harris v. Harris, 765 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1988,
writ denied). An instruction is proper if it might be of some assistance to the jury in
answering the question submitted. La. & Ark. Ry. Co. v. Blakely, 773 S.W.2d 595, 598 (Tex.
App.—Texarkana 1989, writ denied). Trial courts are given wide latitude to determine the
sufficiency of explanatory definitions. Mobil Chem. Co. v. Bell, 517 S.W.2d 245, 256 (Tex.
1974).
           In Mobil Pipe Line v. Goodwin, this court held that professional men in general and
those who undertake any work calling for special skill are required not only to exercise
reasonable care in what they do, but also to possess a standard minimum of special
knowledge and ability. Mobil Pipe Line Co. v. Goodwin, 492 S.W.2d 608, 613 (Tex. Civ.
App.—Houston [1st Dist.] 1972, writ ref’d n.r.e.). Appellant testified that he had received
vocational training in repairing air-conditioning refrigeration and had also been working in
the business since he was 12. The test for sufficiency of a definition is its reasonable clarity
in performing its function. Harris v. Harris, 765 S.W.2d at 801.
           The trial court did not err in tailoring the traditional standard of a reasonable, prudent
person to a specific category of individual warranted by the evidence in this case.
D.       Jury Question regarding appellant’s negligence
           Appellant claims the trial court abused its discretion in submitting a question 
regarding appellant’s negligence because the evidence was insufficient. A trial court may
refuse to submit a relevant issue to the jury only if there is no evidence to support its
submission. Garza v. Alvair, 395 S.W.2d 821, 824 (Tex. 1965). The test for determining
whether there is some evidence, more than a scintilla, is if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds as to the existence of the vital
fact. Kindred v. Con/Chen, Inc., 650 S.W.2d 61, 63 (Tex. 1983). The record showed that
appellant was familiar with the roof hatch and ladder and knew he needed to be careful when
using that ladder. Appellant testified that he descended the ladder using one hand because
he had his tool bag on the other despite his company’s safety policy of descending a ladder
free of objects in his hands. Appellant’s own testimony at trial provided more than a scintilla
of evidence regarding his negligence.
           Based on the evidence, the trial court did not err in submitting a question regarding
appellant’s negligence.
           We overrule appellant’s first issue.
III. Opposing Party’s Admission
           Appellant’s second issue claims that appellee admitted negligence during trial
testimony and in argument. To establish a judicial admission, one must prove the statement
was made in a judicial proceeding; is contrary to an essential fact of the defense; is
deliberate, clear, and unequivocal; and is related to a fact upon which judgment can be based. 
Sepulveda v. Krishnan, 839 S.W.2d 132, 135 (Tex. App.—Corpus Christi, 1992) aff’d, 916
S.W.2d 478 (Tex. 1995).
           Appellant relies on a hypothetical question regarding “duty” by appellant’s attorney
to Jeff Morgan, appellee’s corporate representative, who agreed with the hypothetical. 
Shannon Simpson, H.E.B.’s acting manager, was asked similar hypothetical questions
regarding “duty” to which she assented. We hold that the witnesses’s answers to the
hypothetical questions are not deliberate, clear, and unequivocal statements of fact sufficient
to constitute judicial admissions. Id. at 135.
           Appellant also cites appellee’s closing argument as a judicial admission.
In his final argument, appellee’s counsel said:
“During opening statement, I never once got up here and told you that
H.E.B. was not going to accept responsibility, that H.E.B. was going to
deny any fault in this case. I knew that Shannon Simpson and Jeff
Morgan were going to come up there and they were going to accept
responsibility for their actions, and that’s what they did. H.E.B. didn’t
deny responsibility.”

           Appellant claims that the trial court erred in denying his motion for directed verdict
as to liability based on this admission.


 We hold that appellee’s closing argument regarding
H.E.B.’s responsibility was not a deliberate, clear, and unequivocal statement sufficient to
constitute a judicial admission. We overrule appellant’s second issue.
IV. Factual Sufficiency
           Appellant’s third issue claims that the finding of no negligence against H.E.B. was
against the great weight and preponderance of the evidence. In order to prevail, appellant
had to prove that appellee was negligent and in control of appellant’s work.
           Even assuming the no-negligence finding against appellee was against the great
weight and preponderance of the evidence, appellant would still not be entitled to a new trial
because he did not obtain an affirmative finding in response to the question concerning
“control.” Appellant did not obtain an affirmative finding from the jury on the control issue
in answer to question number three. On appeal, appellant has not challenged the sufficiency
of the evidence in support of the jury’s answer to question number three regarding “control.” 
See Tex. R. App. P. 33.1(a)(1)(A). Appellant’s failure to establish that H.E.B. controlled his
work is dispositive of this issue and we need not address the sufficiency of the evidence
regarding negligence. We overrule appellant’s third issue.
           For the reasons given above, appellant’s fourth and fifth issues also need not be
addressed.



V. Conclusion
           We affirm the trial court’s judgment.
 
 
                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Chief Justice Radack and Justices Hedges and Nuchia.