NUMBER 13-02-321-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


MARIA CARMEN CANTU, Appellant,


v.



VALLEY BAPTIST MEDICAL CENTER, Appellee.

___________________________________________________________________


On appeal from the 404th District Court


of Cameron County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Justices Rodriguez, Castillo, and Wittig (1)


Opinion by Justice Rodriguez



 Appellant, Maria Carmen Cantu, brings this appeal following the trial court's
default summary judgment in favor of appellee, Valley Baptist Medical Center. By
seven issues, appellant generally contends the trial court erred in denying appellant's
motion to strike the summary judgment, or, in the alternative, motion for new trial, 
because she was not provided notice of appellee's summary judgment hearing. We
affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. Motion for New Trial

A. Standards

 A motion for new trial is reviewed under an abuse of discretion standard. Dir.,
State Employees Workers' Comp. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); West
v. Maint. Tool & Supply, Inc., 89 S.W.3d 96, 103 (Tex. App.-Corpus Christi 2002,
no pet.). A trial court abuses its discretion when it acts unreasonably or without
regard to any guiding legal principles. West, 89 S.W.3d at 103; Rodriguez v. United
Van Lines, Inc., 21 S.W.3d 382, 384 (Tex. App.-San Antonio 2000, pet. denied).

B. Analysis

 A trial court must set aside a default judgment when the movant satisfies the
requirements as set forth in Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124
(Tex. 1939). Id. at 126; Evans, 889 S.W.2d at 268. Thus, appellant must
demonstrate that: (1) the failure to answer was not intentional or the result of
conscious indifference, but the result of an accident or mistake; (2) the motion for new
trial sets up a meritorious defense; and (3) granting the motion will occasion no undue
delay or otherwise injure the plaintiff. Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 685 (Tex. 2002). When a party does not receive notice of a trial setting,
the party satisfies the first prong of Craddock, and need not meet the remaining two. 
See Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988). To require otherwise would
violate the party's federal due process rights. See Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80, 84 (1988). Where the elements of Craddock are satisfied, it is an abuse
of discretion for the trial court to deny a motion for new trial. (2) Evans, 889 S.W.2d at
268.

 Rule 166a of the Texas Rules of Civil Procedure provides that notice for a
summary judgment hearing must be filed and served at least twenty-one days before
the hearing. See Tex. R. Civ. P. 166a(c); see also Aguirre v. Phillips Props., Inc., No.
13-00-426-CV, 2003 Tex. App. LEXIS 6786, at *5 (Corpus Christi Aug. 7, 2003, no
pet. h.). Rule 21a provides that every notice, pleading, plea, and motion, except as
otherwise expressly provided, may be served by delivering a copy to the party to be
served, or the party's agent or attorney of record, either in person, by agent, by courier
receipted delivery, or by certified or registered mail, to the party's last known address. 
See Tex. R. Civ. P. 21a; see also Aguirre, 2003 Tex. App. LEXIS at *5-*7. Rule 21a
is applicable to the notice requirement of Rule 166a for a hearing on a motion for
summary judgment. Lewis v. Blake, 876 S.W.2d 314 (Tex. 1994).

 In this instance, the trial court signed an order setting the hearing on appellee's
motion for summary judgment for February 7, 2002. The order was signed on January
10, 2002. The order clearly provides that copies were sent to the attorneys for
appellant and appellee as notice for the summary judgment hearing. On February 7,
2002, the trial court heard appellee's argument for summary judgment and granted it
in favor of appellee. Neither appellant nor her attorney were present at the summary
judgment hearing.

 Upon receipt of the summary judgment order, appellant filed her motion to
strike, or in the alternative, motion for new trial. Attached to appellant's motion was
an affidavit that stated, in part:

I certify that when I received . . . [appellee's] Motion For Summary
Judgment . . . it did not contain a written notice setting a hearing or
submission date attached or included. Moreover, I never received and to
date have never received a separate written notice advising me of the
date for hearing or submission on . . . [appellee's] Motion for Summary
Judgment that was filed . . . .


 Following receipt of appellant's motion, appellee asked the trial court to enter
an order setting appellant's motion for a hearing, and in the event the trial court
granted appellant's motion, setting a second motion for summary judgment on the
same date. The trial court entered an order, titled "Order Setting Joint Hearing,"
setting both appellant's and appellee's motions for hearings on April 25, 2002. 
Appellant then requested that the hearing on her motion be moved to an earlier date. 
The trial court then entered an order resetting the hearing date to April 22, 2002. In
the order, the trial court plainly noted that both matters, appellant's motion and
appellee's second motion for summary judgment, would be heard on April 22, 2002.

 On April 22, 2002, both attorneys appeared before the trial court. At the
beginning of the hearing, appellant's attorney informed the trial court that he thought
that only his motion was to be heard on that day, and not appellee's second summary
judgment motion. He stated, "Judge, I didn't get, I didn't know that the Motion for
Summary Judgment was set for today." Appellant's attorney then stated, "[N]o. I've
got notice. It's a joint hearing today, judge, but I didn't, I asked for a continuance, (3)
judge, because I didn't understand that it was also set for the Motion for Summary
Judgment today."

 In the role of fact-finder, the trial court is the sole arbiter of the witnesses'
credibility and the weight to be given to their testimony. Bellefonte Underwriters Ins.
Co. v. Brown, 704 S.W.2d 742, 744-45 (Tex. 1996); Walker v. Loiseau, No. 03-02-00328-CV, 2003 Tex. App. Lexis 6337, at *23 (Austin July 24, 2003, no pet. h.). 
This Court will not interfere with the trial court's resolution of conflicts in the evidence
or pass on the weight or credibility of the witnesses' testimony. Walker, 2003 Tex.
App. Lexis 6337, at *23-*24; see Benoit v. Wilson, 239 S.W.2d 792, 796-97 (Tex.
1951; K-Mart Corp. v. Pearson, 818 S.W.2d 410, 413 (Tex. App.-Houston [1st Dist.]
1991, no writ).

 The only evidence in the record supporting appellant's attorney's claim that he
did not receive notice for the summary judgment hearing on February 7, 2002, is his
affidavit. However, there is no evidence that the trial court failed to send the notice
as required by Rule 21a. (4) See Tex. R. Civ. P. 21a. Moreover, at the April 22, 2002
hearing, appellant's attorney gave conflicting statements regarding notice for
appellee's second summary judgment motion. The record shows that the trial court
sent two plainly worded notices resetting the hearing for appellant's motion and
appellee's second summary judgment motion at the same time. The trial court was
free to weigh the credibility of appellant's attorney. See Brown, 704 S.W.2d at 744-45; Walker, 2003 Tex. App. Lexis 6337, at *23. We hold the trial court did not err
in finding appellant failed to prove a lack of notice. Thus, we find appellant's due
process rights were not violated. See Peralta, 485 U.S. at 84 (1988). 

 Moreover, appellant's contention that appellee's attorney made a judicial
admission is without merit. "'A judicial admission must be [a] clear, deliberate, and
unequivocal statement,' see Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga,
Inc., 936 S.W.2d 275, 278 (Tex. 1996), and 'occurs when an assertion of fact is
conclusively established in live pleading, making the introduction of other pleadings or
evidence unnecessary,' see Chilton Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d
877, 884 (Tex. App.-San Antonio 1996, writ denied)." Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000); see Sepulveda v. Krishnan, 839
S.W.2d 132, 135 (Tex. App.-Corpus Christi 1992), aff'd, 916 S.W.2d 478 (Tex.
1995).

 In this instance, appellant contends appellee's attorney made a judicial
admission during the hearing on both appellant's and appellee's motions on April 22,
2002. During the hearing, appellee's attorney stated,

[M]aybe we can short circuit this [hearing] a bit by stating that we
certainly got notice of the trial court's order [for the summary judgment
hearing on February 7, 2002]. We believe that the court sent out notice
pursuant to it's [sic] regular policies, but we are certainly welcome or
willing to take . . . [appellant's attorney] at his word, that as an officer
of the court, that he didn't get notice of the hearing. We're happy to
proceed with out - - and we have asked that our motion be reset for
argument today, proper notice has been given for that and we are
perfectly happy to proceed with argument on our motion.


Although appellee's attorney was willing to give appellant's attorney the benefit of the
doubt to expedite matters, appellee's attorney later challenged appellant's attorney's
contention of failing to receive notice, by stating at different times, "Your Honor, you
gave him notice just the same way it gives tens or hundreds of litigants notice of every
order of this court, " and, "The requirement is he gets notice. He certainly got notice
from the court." We find that appellee's statement does not qualify as a judicial
admission as it is not a "clear, deliberate, and unequivocal" assertion of fact. See
Auld, 34 S.W.3d 887, 905 (Tex. 2000); see also Krishnan, 839 S.W.2d at 135. We
hold that the trial court did not abuse its discretion in denying appellant's motion to
strike, or, in the alternative, motion for new trial. See Evans, 889 S.W.2d at 268;
West, 89 S.W.3d at 103. Appellant's issues are overruled.

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice

Opinion delivered and filed

this 28th day of August, 2003.

 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
2. We note that the Texas Supreme Court recently held that Craddock is inapplicable to
a motion for new trial after summary judgment is granted on a motion to which the
nonmovant failed to timely respond despite notice of the hearing and an opportunity to seek
a continuance or obtain permission to file a late response. See Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 686 (Tex. 2002). In this instance, appellant contends
she never received notice, and only found out about the summary judgment hearing after the
default summary judgment was entered.
3. We note that the appellate record does not support appellant's contention that he
asked for a continuance.
4. At the hearing on both appellant's and appellee's motions, appellant conceded that
he was not contending that the trial court failed to send the notice for the February 7, 2002
summary judgment hearing, only that he failed to receive it.